# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.   § | **CRIMINAL NO. W-18-CR-304-ADA** |
| § | |
| **DONTRELL HUBERT** § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.   PROCEDURAL BACKGROUND

On May 14, 2019, the Court sentenced the defendant on charges of Access Device Fraud in violation of Title 18 U.S.C. § 1029(a)(2). The Court sentenced the defendant to forty-one (41) months, followed by three (3) years of supervised release; a $100.00 special assessment;

1

$112,609.03 restitution; and special conditions ordered. On September 21, 2022, the defendant was released to supervision.

On November 4, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleges the defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated his special condition, in that on or about July 9, 2024, the defendant failed to pay his financial penalty in accordance with the schedule of payments.
>
> **Factual Basis:** Mr. Hubert has failed to pay his court-ordered minimum payment of $200.00 per month towards his $112,609.03 in restitution as originally ordered in this case. He has paid a total of $1,698.16 since he began his term of supervision.
>
> **Violation Number 2:** The defendant violated his mandatory condition number 1, in that on or about July 9, 2024, the defendant knowingly or intentionally possessed a controlled substance listed in Penalty Group 1 or 1-B, and the amount of the controlled substance was, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams, in violation of Texas Health and Safety Code § 481.115(d), a Second Degree Felony.
>
> **Factual Basis:** On July 9, 2024, a "knock and announce" warrant was executed during the morning hours by numerous local law enforcement agencies at a Beverly Hills, Texas, residence. Mr. Hubert was originally charged with Tampering with Evidence, but the charge of Possession of a Controlled Substance Less Than 200 Grams, to wit: Methamphetamine, was later added after approximately 13.6 grams of methamphetamine were located in various areas of the residence where Mr. Hubert resided, along with other illegal substances. This case is scheduled for trial on April 7, 2025, in McLennan County, Texas.
>
> **Violation Number 3:** The defendant violated standard condition number 8, in that on or about July 9, 2024, he communicated or interacted with someone the defendant knows is engaged in illegal activity.
> **Factual Basis:** Mr. Hubert was engaged in the illegal activity of tampering with or fabricating physical evidence with a co-conspirator, as noted above, and both were subsequently arrested for engaging in illegal activity on July 9, 2024.

**Violation Number 4:** The defendant violated standard condition number 9, in that on or about April 18, 2023, and January 20, May 11, and June 14, 2024, he failed to notify the probation officer of law enforcement contact.

**Factual Basis:** Mr. Hubert has failed to notify the probation officer on approximately four occasions that he had contact with law enforcement. He has been reminded that he must notify his probation officer of such contact within 72 hours. His law enforcement contact has consisted of being in a city park after curfew hours, being given a verbal trespass warning at a local motel, being a victim of a vehicle accident, and driving without a valid driver's license after being pulled over by police for traffic violations.

**Violation Number 5:** The defendant violated standard condition number 13, in that on or about July 5, 2023, and January 20, 2024, he failed to follow the instructions of the probation officer.

**Factual Basis:** Mr. Hubert failed to notify the probation officer that he needed to stay overnight at a location other than his personal residence, which the probation officer has reminded him he must do. He has stayed overnight with friends and at a local motel without permission or notification to the probation officer as instructed on the dates noted above.

At the hearing, the defendant pleaded true to violation one, no contest to violations two and three, and true as to violations four and five. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

## II.  FINDINGS OF THE COURT

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea to the allegations.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The defendant understood his statutory and constitutional rights and desired to waive them.

## III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for twenty-four months with no term of supervision to follow. The sentence should run concurrent with any state sentence arising from the violations alleged in the petition. The defendant should receive credit for time served since his date of arrest.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED this 15th day of November 2024.**

**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**